1

2

3

4

5

6

7

8

9

10

11

12

13

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
        jsmith@bursor.com

Attorneys for Plaintiffs

Daniel J. Herling (SBN 103711)
djherling@mintz.com
Samantha J. Duplantis (SBN 316012)
sjduplantis@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: 415 432 6000
Facsimile: 415 432 6001

Attorneys for Defendant,
HARBOR FREIGHT TOOLS USA, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| WILL KAUPELIS and FRANK ORTEGA, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiffs,<br><br>v.<br><br>HARBOR FREIGHT TOOLS USA, INC.,<br><br>                                    Defendant. | 8:19-cv-01203-JVS-DFM<br><br>**JOINT REPORT PURSUANT TO F.R.C.P. 26(f) [CORRECTED]**<br><br>Date:        August 19, 2019<br>Time:        10:30 a.m.<br>Courtroom: 10C<br>Judge:       Hon. James V. Selna |
|---|---|

1
2
3
4

Plaintiffs Will Kaupelis and Frank Ortega ("Plaintiffs") and Defendant Harbor Freight Tools USA, Inc. ("Harbor Freight") (collectively, the "Parties"), pursuant to F.C.R.P. 26(f) and this Court's July 3, 2019 Order Setting Rule 26(f) Scheduling Conference (ECF No. 9), hereby submit the following Joint 26(f) Report.

5

    **a.**    <u>Synopsis</u>

6

        **1.**    *Plaintiffs:*

7
8
9
10
11
12
13
14
15
16

This is a putative class action against Harbor Freight for the manufacture and sale of Portland, One Stop Gardens, and Chicago Electric 14-inch Electric Chainsaws (collectively, the "chainsaws"), all of which suffer from an identical design defect:  namely, a power switch malfunction that causes the chainsaw blade to continue operating after the operator tries to turn the machine off.  FAC, ¶ 1. Because of this defect, the chainsaws are too dangerous to use and unfit for their intended purpose.  Plaintiff alleges Harbor Freight has known about the problem for years, but did not issue a recall until 2018.  *Id.* at ¶¶ 22-36, 37-46, 47-50.  Despite the recall, approximately one million dangerous chainsaws remain in circulation.  *Id.* at ¶¶ 19-20.

17

        **2.**    *Defendant:*

18
19
20
21
22
23
24
25
26
27
28

In late 2017, following reports of a specific malfunction in a Harbor Freight product, an investigation was conducted that was able to replicate the malfunction under certain limited circumstances.  Harbor Freight promptly stopped sale of the product and voluntarily reported to the Consumer Product Safety Commission ("CPSC") that an investigation had revealed that, under certain circumstances, the internal switch in certain chainsaws could become fused in the "on" position during use, requiring unplugging of the unit.  As part of its voluntary reporting, Harbor Freight chose to participate in the CPSC's Fast Track Recall Program in order to quickly and efficiently remove potentially hazardous products from the market.  On or about May 14, 2018, the CPSC approved Harbor Freight's Corrective Action Plan ("CAP") to address the potential defect by recalling the products and providing free

1   replacements.  That same day, Harbor Freight announced a voluntary recall of the

2   products in coordination with the CPSC (the "Recall").  On or about May 15, 2018,

3   the CPSC sent Harbor Freight a "Corrective Action Plan Letter" which sought to

4   formally memorialize the CPSC's acceptance of the CAP and state Harbor Freights

5   obligation to: (1) issue a joint press release with the CPSC on or about May 14,

6   2018; (2) post a recall notice in stores on or about May 14, 2018; (3) post a recall

7   notice on Harbor Freight's website on or about May 14, 2018, and on Facebook and

8   Twitter on or about May 14, 2018; (4) send a recall notice to consumers on or about

9   May 14, 2018; (5) offer a free replacement product; and (6) modify future chainsaw

10  products.

11       Over a year after the Recall was extensively publicized, and after dismissal of

12  a similar action in the Northern District of California arising from the same Recall,

13  Plaintiffs filed this action premised on an alleged failure to disclose the product

14  defect.  Although Plaintiffs claim Harbor Freight has known about the issue for

15  years, Plaintiffs remain unable to muster more than a few consumer complaints to

16  support their contention. Plaintiffs have not attempted to avail themselves of the

17  replacement remedy offered by Harbor Freight and approved by the CPSC.

18       Defendant anticipates factual disputes regarding whether Plaintiffs' chainsaws

19  malfunctioned, what Plaintiffs reviewed and/or relied upon prior to sale, whether and

20  when Plaintiffs were notified of the recall and available replacement remedy, and

21  whether and when Defendant had knowledge of the purported defect.

22       b.    **Legal Issues**

23       In the short term, the principal legal issues the Court will decide in this case

24  are those raised in Defendant's pending motion to dismiss.  In the mid-term, the

25  principal legal issue will be whether the action is suitable for class certification.

26  Defendant anticipates opposing class certification based on Plaintiffs' inability to

27  satisfy the requirements of predominance, adequacy, superiority, ascertainability of

28  the class, and standing under Article III.

1

2
### c.      Damages

3
Plaintiffs will prove damages in a manner consistent with their motion for

4
class certification.  Plaintiffs' experts will determine the methodology and amount of

5
class wide damages after information is obtained from Defendant through discovery.

6
Upon information and belief, Defendant has sold over one million defective

chainsaws.

7
Defendant disputes that it has violated any law or that Plaintiffs have suffered

8
any damages.  To the extent Plaintiffs can meet their burden to establish a violation

9
of law and that they incurred damages, the remedy provided by the recall and

10
available to Plaintiffs is more than adequate to compensate Plaintiffs for any such

11
damages.

12
### d.      Insurance

13
The Parties are not aware of any insurance agreement applicable to the instant

14
case.

15
### e.      Motions

16
At this time, Plaintiffs do not anticipate filing any motions seeking to (i) add

17
other parties or claims, (ii) file amended pleadings, or (iii) transfer venue.

18
### f.      Discovery and Experts

19
The Parties are not aware of any changes in disclosures under Rule 26(a) that

20
should be made, except that the parties agreed that Defendant may defer service of

21
its initial disclosures until one week after resolution of its pending motion to dismiss.

22
Plaintiffs will seek discovery on the following non-exhaustive list of topics:

23
(i) the number of units sold during the class period; (ii) Defendant's public

24
statements concerning the challenged products, including on its website and on

25
product packaging; (iii) documents pertaining to the defect at issue and Defendant's

26
knowledge of that defect; (iv) documents relevant to Defendant's recall of the

27
challenged products; and (v) evidence on which Defendant intends to rely to support

28
its affirmative defenses.

1    Defendant will seek discovery on the following topics, and reserves the right

2    to supplement this list: (i) the products allegedly purchased by Plaintiffs, including

3    purchase date, means of purchase, receipts, serial numbers, and any alleged

4    malfunction of the products; (ii) whether Plaintiffs' ever sought to take advantage of

5    the recall or otherwise sought to return or exchange the products; (iii) information

6    supporting Plaintiffs' allegations regarding the sufficiency of the recall; (iv)

7    information supporting Plaintiffs' allegations regarding Defendant's alleged

8    knowledge of the purported defect; (v) information regarding Plaintiffs' alleged

9    damages.

10    The Parties do not believe discovery should be phased or otherwise limited.

11    The Parties anticipate conducting 5-10 depositions each between fact and expert

12    discovery.  The Parties propose disclosing expert witnesses pursuant to Fed. R. Civ.

13    P. 26(a)(2) on June 29, 2020.

14    **g.    Dispositive Motions**

15    At this time, Plaintiffs do not anticipate any significant motions other than

16    their motion for class certification.  However, Plaintiffs reserve their right to move

17    for summary judgment if warranted after discovery.  Defendant has filed a motion to

18    dismiss the Complaint which is currently pending.  If the case proceeds, Defendant

19    intends to file a motion for summary judgment.  The cutoff date by which all

20    dispositive or partially dispositive motions shall be made is August 24, 2020.

21    With respect to the motion for class certification, the Parties propose the

22    following schedule, subject to the outcome of the pending motion to dismiss:

23    • Plaintiffs will file their motion for class certification within six months

24    after Defendant files its answer;

25    • Defendant will file its opposition to the motion for class certification

26    within six weeks after Plaintiffs file their motion;

27    • Plaintiffs will file their reply in support of the motion for class

28    certification within four weeks after Defendant files its opposition;

- The parties agree to meet and confer regarding a mutually agreeable hearing date for the motion for class certification before Plaintiffs file their motion

**h.      Settlement and Settlement Mechanism**

Although Plaintiffs are open to engaging in settlement discussions in principle, such discussions are unlikely to be productive until the Court rules on Defendant's pending motion to dismiss and after sufficient discovery is completed.

The Parties agree that private mediation would be a suitable form of ADR in this matter, with such mediation to occur by July 31, 2020.

**i.      Trial Estimate**

The Parties estimate that 5-7 days would be required for a jury trial.  Plaintiffs anticipate calling 4-6 witnesses.  Defendant anticipates that a jury trial as permitted by law in this matter could take as many as 8 court days if class certification is granted.  If class certification is denied, Defendant anticipates the jury trial to take up to 3 court days.  Defendants anticipate calling 6-8 witnesses.

**j.      Timetable**

The Parties' proposed timetable is set forth in **Exhibit A**, attached hereto.

**k.      Other Issues**

The Parties are not presently aware of any other issues that may facilitate the just, speedy, and inexpensive disposition of this matter.

**l.      Conflicts**

The Parties are not aware of any conflicts applicable to the instant case. Harbor Freight Tools USA, Inc. is a wholly-owned subsidiary of HFT Holdings, Inc., a privately held corporation.

**m.      Patent Cases**

No patents are at issue in this lawsuit.

**n.     Magistrates**

The Parties do not consent to have a Magistrate Judge preside over the instant case.

**o.     Additional Parties**

At this time, the Parties do not anticipate any additional parties appearing in the proceedings.

**p.     Complex Cases**

The Parties agree that this is a complex case, and as such, the procedures relating to class actions in the Manual for Complex Litigation should be utilized.

Dated:  August 12, 2019

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: _____*/s/ Joel D. Smith*_____
             Joel D. Smith

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
          jsmith@bursor.com
          breed@bursor.com

*Counsel for Plaintiffs*

Dated:  August 12, 2019

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC

By:     _____*/s/Daniel J. Herling*_____

Daniel J. Herling (SBN 103711)
djherling@mintz.com
Samantha J. Duplantis (SBN 316012)

---

JOINT REPORT PURSUANT TO F.R.C.P. 26(f); CASE NO. 3:18-cv-04986                    6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

sjduplantis@mintz.com
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone:  415 432 6000
Facsimile:   415 432 6001

Attorneys for Defendant,
HARBOR FREIGHT TOOLS USA,
INC.

**JUDGE JAMES V. SELNA**
**PRESUMPTIVE SCHEDULE OF PRETRIAL DATES**

| Matter | Time | Weeks before trial | Plaintiff's Request (Insert speciific date) | Defendant's Request (Insert specific date) | Court Order |
|---|---|---|---|---|---|
| Trial date (jury) Estimated length: _____5-7_____ days | 8:30 a.m. (Tuesdays) | | Nov. 10, 2020 | Nov. 10, 2020 | |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | -1 | Nov. 2, 2020 | Nov. 2, 2020 | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case | 11:00 a.m. (Mondays) | -2 | Oct. 26, 2020 | Oct. 26, 2020 | |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | -3 | Oct. 19, 2020 | Oct. 19, 2020 | |
| Last day for hand-serving Motions in Limine | | -6 | Sept. 28, 2020 | Sept. 28, 2020 | |
| Last day for hearing motions | 1:30 p.m. (Mondays) | -7 | Sept. 21, 2020 | Sept. 21, 2020 | |
| Last day for hand-serving motions and filing (other than Motions in Limine). Please note extended notice requirements for motions for summary judgment under F.R.Civ. P. 56(c). | | -11 | Aug. 24, 2020 | Aug. 24, 2020 | |
| Non-expert Discovery cut-off | | -15 | July 27, 2020 | July 27, 2020 | |

**ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE**

L.R. 16-14 Settlement Choice:    (3) Outside ADR

| | | | | | |
|---|---|---|---|---|---|
| Expert discovery cut-off | | | Aug. 10, 2020 | Aug. 10, 2020 | |
| Rebuttal Expert Witness Disclosure | | | July 20, 2020 | July 20, 2020 | |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | | | June 29, 2020 | June 29, 2020 | |
| Last day to conduct Settlement Conference | | | | | |
| Last day to amend pleadings or add parties | | | | | |

# EXHIBIT A

Revised 1-6-10