UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 19-01203-JVS (DFMx) | Date: | August 19, 2020 |
|---|---|---|---|
| Title | Kaupelis v. Harbor Freight Tools USA, Inc. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Granting Plaintiffs' Motion to Compel (Dkt. 65)

    Plaintiffs move to compel the production of several categories of discovery from Defendant Harbor Freight Tools USA, Inc. ("HFT"). See Dkt. 65. For the reasons set forth below, the motion is GRANTED.

    Plaintiffs' motion presents two primary issues. The first is whether the recently-enacted California Consumer Privacy Act ("CCPA"), Cal. Civ. Code § 1798.100 et seq., precludes the discovery Plaintiffs seek. It does not. Nothing in the CCPA presents a bar to civil discovery. Notably, no other case has so held. And the statute itself explicitly says that it is not a restriction on a business's ability to comply with federal law, e.g., the Federal Rules of Civil Procedure. See Cal. Civ. Code § 1798.145(a)(1); see also id. § 1798.196 ("This title is intended to supplement federal and state law, if permissible, but shall not apply if such application is preempted by, or in conflict with, federal law or the United States or California Constitution.").

    In my view, the better reading is that the CCPA presents some additional privacy concerns as reflected by California state legislature's enactment of the statute. But California law has long recognized some privacy protection for personal identifying information such as the contact information implicated here. See Pioneer Electronics (USA), Inc. v. Superior Court, 40 Cal. 4th 360, 372 (2007) (recognizing reduced privacy interest even as to customers who voluntarily complained and disclosed identifying information to defendant for purposes of obtaining relief). But those privacy rights have long been balanced against the right of civil litigants to discovery under the appropriate legal standards. And as a general matter, those privacy concerns can be ameliorated through the terms of an appropriate protective order. See Romero v. Select Employment Services, Inc., No. 19-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

6269, 2020 WL 2084967, at *3 (C.D. Cal. Mar. 31, 2020) ("A protective order would protect the putative class members' privacy concerns while providing Plaintiffs discovery that is likely to produce substantiation of the class allegations.").

At oral argument, HFT suggested that the Court should implement a notice procedure under Belaire-West Landscape, Inc. v. Superior Court, 149 Cal. App. 4th 554 (2007), and allow complaining customers the opportunity to opt out of having their contact information disclosed to Plaintiffs. Such a procedure is not warranted. Absent an agreement of the parties, most courts have concluded that Belaire-West notices are required "only when there are special privacy concerns, such as the disclosure of medical or financial information." Austin v. Foodliner, Inc., No. 16-7185, 2018 WL 1168694, at *2 (N.D. Cal. Mar. 6, 2018). The information sought here does not implicate such concerns.

The second issue presented by Plaintiffs' motion is whether the discovery sought—principally the contact information for other chainsaw customers who complained about their chainsaws—is permissible pre-class certification discovery. Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

"A party seeking class certification must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the categories under Rule 23(b)." Wang v. Chinese Daily News, Inc., 737 F.3d 538, 542 (9th Cir. 2013). Before class certification, discovery lies entirely within the discretion of the court. See Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009). Courts generally recognize the need for pre-certification discovery relating to class issues. See id. In seeking pre-certification discovery, the plaintiff bears the burden to either make a prima facie showing that the Rule 23 requirements are satisfied, or to show that discovery is likely to produce substantiation of the class allegations. See id. Discovery is thus warranted where it will help resolve factual issues necessary for the determination of whether the action may be maintained as a class action, such as whether there are grounds for a class or subclass. See Kamm v. Cal. City. Dev. Co., 509 F.2d 205, 210 (9th Cir. 1975).

Generally, the Ninth Circuit has favored "allowing class contact discovery unless it is apparent that Plaintiff cannot maintain the action on behalf of the class." Goundar v. Redfin Corp., No. 13-3698, 2014 WL 12524649, at *2 (C.D. Cal. July 21, 2014). Indeed, "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action is maintainable." Vinole, 571 F.3d at 942 (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

With this backdrop, the Court finds that Plaintiff's discovery is warranted. The discovery at issue seeks information relevant to commonality and typicality, which Plaintiff must establish to certify the proposed class. The cases cited by HFT involving discovery from absent class members are inapposite. Plaintiffs do not seek discovery from absent class members. The discovery sought is from the defendant. Nor are HFT's arguments about the differences between Plaintiff's claims and the defects identified by the customers in its database that helpful. Plaintiff "is not required to demonstrate she is entitled to class certification in order to obtain discovery to support her motion for class certification; any such requirement would be perverse." Faraji v. Target Corp., No. 17-0155, 2017 WL 8292781, at *4 (C.D. Cal. Apr. 28, 2017). Plaintiffs' claims are not so outlandish that Defendant is entitled to resist allowing them the opportunity to develop them before class certification proceedings. See Vinole, 571 F.3d at 942 (observing that the Ninth Circuit's "cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted").

Plaintiffs' motion is accordingly GRANTED. HFT is ORDERED to produce unredacted copies of the documents listed on Dkt. 64-1 at 5 within 14 days of the date of this order. HFT is ORDERED to provide supplemental responses to Interrogatory Nos. 13 and 14 within 14 days of the date of this order. Finally, HFT is ORDERED to produce copies of any "videos, photos, or x-rays" exchanged in the Burgard litigation within 14 days of the date of this order. All documents or information produced under the terms of this order may be produced under the terms of the parties' protective order. See Dkt. 17.