Daniel J. Herling (SBN 103711)
djherling@mintz.com
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.
44 Montgomery Street, 36th Floor
San Francisco, California 94104
Telephone:  415-432-6000
Facsimile:   415-432-6001

Nicole V. Ozeran (SBN 302321)
nvozeran@mintz.com
Adam B. Korn (SBN 331133)
abkorn@mintz.com
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone:  310-586-3200
Facsimile:   310-586-3202

Attorneys for Defendant,
HARBOR FREIGHT TOOLS USA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| WILL KAUPELIS AND FRANK ORTEGA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HARBOR FREIGHT TOOLS USA, INC.,<br><br>Defendant. | Case No. 8:19-cv-1203-JVS-DFM<br><br>**HARBOR FREIGHT TOOLS USA, INC.'S OBJECTIONS TO NEW EVIDENCE FILED IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF CLASS CERTIFICATION**<br><br>Courtroom:   10C<br>Judge:        Hon. James V. Selna<br>Hearing Date: September 21, 2020<br>Hearing Time: 1:30 p.m.<br><br>Complaint Filed:   June 17, 2019<br>Trial Date:        April 13, 2021 |

1

Harbor Freight Tools USA, Inc. ("HFT") hereby submits the following objections to new evidence submitted by Plaintiffs in support of their Reply in support of their Motion for Class Certification.   Dkt. Nos. 118, 118-1.   The "Rebuttal Declaration of John M. Tobias" (Dkt. No. 118-1, Ex. 41), "Rebuttal Declaration of Colin B. Weir" (*id*. at Ex. 48), documents reflecting consumer comments (*id*. at Exs. 1-6, 8-23, 25-30, 32-40), and Jason Sprong's April 10, 2018 email (Dkt. No. 34-2, Ex. 15), are objectionable.   Therefore, these documents and Plaintiffs' arguments based on these documents should be disregarded in their entirety as the Court evaluates class certification.

# I.   OBJECTIONS TO TOBIAS' AND WEIR'S SUPPLEMENTAL DECLARATIONS (DKT. NO. 118-1, EX. 41 & 48)

HFT objects to Tobias' and Weir's "Rebuttal Declarations" in support of Plaintiffs' Reply in support of their Motion for Class Certification (Dkt. No. 118-1, Exs. 41 & 48) on the following grounds:

- **The Supplemental Declarations Are Untimely New Evidence.**

New evidence in a reply brief is disfavored.   *See* Dkt. No. 106*,* p. 13:5-6 (citing *Mendoza v. Allied Interstate LLC*, 2019 WL 5616961, at \*4 n.5 (C.D. Cal. Oct. 22, 2019) (Selna, J.) ("The Court need not consider issues raised for the first time in a reply brief.")); *see also In re Flash Memory Antitrust Litig*., 2010 U.S. Dist. LEXIS 59491, at \*68 (N.D. Cal. June 9, 2010) (refusing to consider expert report in support of class certification, where "such evidence should have been proffered with Plaintiffs' moving papers in order to afford Defendants a full and fair opportunity to respond").   Plaintiffs have not identified any "new unforeseen facts" offered by HFT's experts or otherwise shown why the materials could not have been proffered with their moving papers to allow HFT the opportunity to respond.   *See R&O Const. Co. v. Rox Pro. Int'l Group Ltd.*, 2011 U.S. Dist. LEXIS 78032, at \*13 (D. Nev. July 18, 2011) ("A rebuttal

1    report is supposed to address 'new unforeseen facts' brought out in the other side's

2    report.") (citations omitted).  Tobias' own rebuttal admits that there are no unforeseen

3    facts because the differences in switch mechanisms "w[ere] stated previously in

4    evidence and w[ere] known to [him]."  Dkt. No. 118-1, Ex. 41 at ¶ 8.  Thus, Tobias

5    should have addressed these differences in his opening declaration.

- **The Supplemental Declarations Are Not True Rebuttal.**

7    Though the declarations purport to be rebuttal, they are not true rebuttal.

8    Instead, the declarations are improper attempts to supplement each expert's prior

9    opinions and introduce entirely new opinion in support of Plaintiffs' Motion for Class

10   Certification.  *See Natto Iyela Gbarabe v. Chevron Corp.,* 2017 U.S. Dist. LEXIS

11   35810, at *81-82 (N.D. Cal. Mar. 13, 2017) (sustaining defendant's objections to all

12   of the new reports, and exhibits thereto, filed by plaintiff in connection with the reply

13   brief because the new reports are not true rebuttal reports); *Mariscal v. Graco*, 52 F.

14   Supp. 3d 973, 980-81 (N.D. Cal. 2014) (excluding expert's new opinions because the

15   new opinions should have been previously disclosed in the expert's prior report); *Ernst*

16   *v. City of Chicago,* 2013 U.S. Dist. LEXIS 127993, at *4 (N.D. Ill. Sept. 9, 2013) (a

17   party "may not offer testimony under the guise of 'rebuttal' only to provide additional

18   support for his case in chief") (citations omitted).

19   Tobias's supplemental declaration substantially enlarges the scope of his initial

20   declaration by now including his opinions on the similarities between a coil spring

21   trigger mechanism and a leaf spring trigger mechanism.  *Compare* Dkt. No. 106-1,

22   Ex. 12 (including no opinions on this subject) *with* Dkt. No. 118-1, Ex. 41 at ¶¶ 8-12

23   (opining that the differences between the two switch mechanisms are irrelevant).  The

24   supplemental declaration also includes new opinions about the Kedu switch, which

25   Tobias mistakenly assumed was used in both the SUMEC and YAT chainsaws (though

26

27

28

it was not used in either).  Dkt. No. 118-1, Ex. 41 at ¶¶ 13-14 (claiming that the fact that the Kedu switch was not used is irrelevant).

Similarly, Weir's supplemental declaration substantially enlarges the scope of his initial declaration.  Weir now opines, *for the first time*, that considering the supply side factor of "willingness to sell" is "absurd" and a "perversion of economics."  Dkt. No. 118-1, Ex. 48 at ¶¶ 30-31.  He also now opines, *for the first time*, on the differences between "willingness to pay" and "market price" and asserts that "'willingness to pay' output with a no-buy option can still be used to determine the market value for the challenged Claims."  *Id.* at ¶¶ 40-48.  He also, *for the first time*, opines as to sales of the YAT and SUMEC chainsaws.  *Id.* at ¶ 49.

- **Weir's Supplemental Declaration is Speculative.**

Weir also speculates that, if "willingness to sell" was a supply factor that should be considered, then every defendant would "argue that it would not have sold the product at all if it had told the truth [and] the defendant could escape liability altogether."  *Id.* at ¶ 32.  Weir similarly speculates that "supply should be the same in the but-for world as in the real world," but offers no evidence.  *Id.* at ¶ 38.

Such speculation and ignoring of actual facts—*i.e.* the fact that HFT would not sell a product that it advertises as defective (nor could it as a matter of consumer protection law)—makes Weir's supplemental declaration unreliable and inadmissible. FED. R. EVID. 602.

- **Weir's Supplemental Declaration is an Improper Attempt to Circumvent the Page Limit.**

HFT also objects to the Weir supplemental declaration as it contains improper argument in attempt to circumvent the page limit for the Reply brief, which already exceeds 25 pages.  Dkt. No. 118; *see* Civil L.R. 11-6; *ThinkVillage-Kiwi, LLC v. Adobe*

HFT'S OBJECTIONS TO NEW EVIDENCE FILED IN SUPPORT OF PLAINTIFFS' REPLY IN
SUPPORT OF CLASS CERTIFICATION

*Sys.*, 2009 U.S. Dist. LEXIS 106687, at *20 (N.D. Cal. Nov. 16, 2009) (striking argument included in declaration).

- **Tobias' Supplemental Declaration is Hearsay.**

Tobias attempts to establish the validity of his conclusions through the contents of anecdotal consumer complaints. Dkt. No. 118-1, Ex. 48 at ¶¶ 7, 9, 12, 25, 28. These out-of-court statements are hearsay offered for the truth of the matter Plaintiffs argue is asserted (*i.e.* that a trigger failure occurred). FED. R. EVID. 801. Although experts are permitted to rely on hearsay to a limited extent, they are not permitted to serve as a mere "conduit for hearsay." *United States v. Hendrix*, 2020 U.S. Dist. LEXIS 331, at *14-20 (W.D. Wash. Jan. 2, 2020) (collecting cases). Even if these statements were admissible on their own (which they are not), an expert cannot simply repeat the statements of others as support for his conclusions, instead of explaining how an independent, scientific analysis of the statements supports his conclusions. *See id.*; *Williams v. Illinois*, 567 U.S. 50, 80 (2012) ("[T]rial courts can screen out experts who would act as mere conduits for hearsay by strictly enforcing the requirement that experts display some genuine scientific, technical, or other specialized knowledge [that] will help the trier of fact to understand the evidence or to determine a fact in issue.") (internal quotation marks omitted).

Here, Tobias is simply repeating inadmissible anecdotal hearsay statements as corroborating evidence for his conclusions—this is not the proper function of an expert. *SEC v. Tourre*, 950 F. Supp. 2d 666, 675, 681-82 (S.D.N.Y. 2013) ("Acting simply as a narrator of the facts does not convey opinions based on an expert's knowledge and expertise; nor is such a narration traceable to a reliable methodology."). Even where an expert "simply rehash[es]" otherwise admissible evidence about which the expert has no personal knowledge, such evidence is inadmissible. *Fujifilm Corp. v. Motorola Mobility LLC*, 2015 U.S. Dist. LEXIS

HFT'S OBJECTIONS TO NEW EVIDENCE FILED IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF CLASS CERTIFICATION

21413, at *87 (N.D. Cal. Feb. 20, 2015); *Johns v. Bayer Corp.,* 2013 U.S. Dist. LEXIS 51823, at *97 (S.D. Cal. Apr. 10, 2013) (excluding expert opinions which amounted to "nothing more than a factual narrative" based on a review of documents).

Moreover, Tobias lacks personal knowledge of the circumstances of the incidents discussed in the consumer comments.

- **Plaintiffs' Intentional Delay Prejudices HFT.**

Plaintiffs' belated submission of new materials denies HFT the chance to fully evaluate the new declarations without delaying resolution of the Rule 23 motion. If permitted, Plaintiffs' late filing tactics would force HFT to re-do many months of expert work and briefing, causing significant expense and inexcusable delay.

## II. OBJECTION TO DOCUMENTS REFLECTING CONSUMER COMMENTS (DKT. NOS. 118-1, EXS. 1-6, 8-23, 25-30, 32-40)

In support of their Reply, Plaintiffs submit numerous documents allegedly reflecting HFT's consumers' comments regarding the YAT chainsaws, despite having had a number of these documents at the time of filing the Motion. Dkt. No. 118-1, Exs. 1-38, 40; Dkt. No. 118, pp. 1:18-3:3, 5:26-27. HFT objects to these new materials on the following grounds:

- **The Consumer Comments Are Improper Rebuttal Evidence.**

Plaintiffs were aware of the consumer comments even before they filed their Complaint. *See* Dkt. No. 1, ¶¶ 22-34, 38-43 (describing consumer comments on HFT's website and to the CPSC). Plaintiffs, in fact, included a number of consumer comments in support of their Motion. Dkt. No. 34-2, Exs. 10, 14, 16. Furthermore, Plaintiffs had six months after they filed their Motion to seek leave to amend the Motion to include reference to the additional documents that were timely produced during the discovery period. Dkt. No. 58 (setting July 20, 2020 Opposition deadline). They did not do so.

- **The Consumer Comments Are Hearsay.**

The comments referenced by Plaintiffs are out-of-court statements being proffered for the truth of the matter asserted (*i.e.* that the chainsaw malfunctioned). FED. R. EVID. 801.

Plaintiffs' reliance on these comments is speculative as to the cause of the alleged malfunction and the chainsaw at issue. The consumers provide no technical analysis of the claimed issues and the actual chainsaw they purchased has not been validated. Moreover, there is no assurance that these comments are based on actual experience and are contradicted by the hundreds of consumers who left positive comments without indicating any failure.

- **Plaintiffs Lack Personal Knowledge Of The Incidents Described In The Consumer Comments.**

Moreover, Plaintiffs' "Timeline of Events Prior to Harbor Freight Tool's *[sic]* ('HFT's') May 14, 2018 Recall" ("Plaintiff's Timeline") (Dkt. No. 118-1, Ex. 1) violates the best evidence rule, contains hearsay, lacks foundation, and lacks personal knowledge.

## III. OBJECTION TO EMAIL FROM JASON SPRONG (DKT. NO. 34-2, EX. 15)

Plaintiffs rely on Jason Sprong's April 10, 2018 email to SUMEC, in which Mr. Sprong was seeking SUMEC to pay for the costs of reworking the SUMEC saws for the recall, ("Sprong Email") to support their claim that the SUMEC and YAT chainsaws had a common defect. Dkt. No. 118, p. 4:5-28. HFT objects to introduction of this email on the following grounds:

- **Mr. Sprong is Not Qualified to Opine on the Switch Failures**

Testimony requiring scientific, technical, or other specialized knowledge may be given only by an expert witness with the requisite knowledge, skill, experience,

training, or education.  *See* F𝐄𝐃. R. E𝐯𝐢𝐝. 701, 702.  Mr. Sprong is the Vice President
of Global Sourcing for HFT.  Dkt. No. 106, p. 3:1-2.  He is **not** an engineer, nor is he
qualified to provide testimony requiring scientific, technical, or other specialized
knowledge as it relates to switch functioning.  Accordingly, he cannot opine as to
whether the alleged defect was common to both the YAT and SUMEC chainsaws.  *See*
F𝐄𝐃. R. E𝐯𝐢𝐝. 701, 702.  Plaintiffs are aware Mr. Sprong was not involved in the testing
of the Chainsaws and seemingly purposefully did not depose him to leave an unclear
record.

- **Other Objections to Mr. Sprong's Email.**

Mr. Sprong's statement is based on hearsay and ignores the best evidence rule.

## IV.   HFT EMPLOYEE'S EMAIL (DKT. NO. 118-1, EX. 31)

Plaintiffs proffer Exhibit 31 to the Leslie Declaration to support their claim that
HFT conducted testing that "'duplicated' customer complaints about the defect" in
2017.  Dkt. No. 118, p. 2:18-20.  HFT objects to this new material as Plaintiffs'
reliance on Exhibit 31 is entirely speculative and lacks foundation.  *Redwind v. W.
Union, LLC*, 2016 U.S. Dist. LEXIS 57793, at *22 (D. Or. May 2, 2016) (finding
Redwind's testimony that "[Ms. Chen] was referring to the shape of [her] nose" as
"conclusory, speculative, and conjectural" because "Redwind does not have personal
knowledge of Ms. Chen's mental state, and has not introduced testimony by Ms. Chen
to support this statement.").  Moreover, Exhibit 31 is incomplete, as it is missing pages.
*Id.* (Bates numbers are not consecutive).  Plaintiffs provide no explanation for the
selective editing of this document.  Dkt. No. 118, ¶ 33.

HFT'S OBJECTIONS TO NEW EVIDENCE FILED IN SUPPORT OF PLAINTIFFS' REPLY IN
SUPPORT OF CLASS CERTIFICATION

# V.   OBJECTIONS CHART

| | Proffered Evidence | Objection |
|---|---|---|
| 1. | Tobias' "Rebuttal Declaration" (Dkt. No. 118-1, Ex. 48) | Fed. R. Evid. 401, 403, 602, 801-803, 1002; Fed. R. Civ. P. 26(a)(2)(B)(i), Fed. R. Civ. P. 37; *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *Mariscal v. Graco*, 52 F. Supp. 3d 973 (N.D. Cal. 2014)<br><br>The "Rebuttal Declaration" is an improper attempt to introduce new opinions and new evidence in Plaintiffs' Reply in support of their Motion for Class Certification. |
| 2. | Weir's "Rebuttal Declaration" (Dkt. No. 118-1, Ex. 41) | Fed. R. Evid. 401, 403, 602, 801-803, 1002; Fed. R. Civ. P. 26(a)(2)(B)(i), Fed. R. Civ. P. 37; *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *Mariscal v. Graco*, 52 F. Supp. 3d 973 (N.D. Cal. 2014)<br><br>The "Rebuttal Declaration" is an improper attempt to introduce new opinions and new evidence in Plaintiffs' Reply in support of their Motion for Class Certification. |
| 3. | Sprong Email (Dkt. No. 118, p. 4:9-23 (citing Dkt. No. 34-2, Ex. 15)) | Fed. R. Evid. 401, 403, 602, 801-803, 1002:<br><br>References to the Sprong Email violate (1) the best evidence rule, (2) constitute hearsay as it is based on consumer comments, (3) lack foundation as no explanation is produced concerning Sprong's statement, (4) are irrelevant to whether a common defect exists, and (5) are |

HFT'S OBJECTIONS TO NEW EVIDENCE FILED IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF CLASS CERTIFICATION

| | | | |
|---|---|---|---|
| | | | entirely speculative. Moreover, Sprong lacks the qualifications to determine whether a common defect exists. |
| 4. | | Documents Reflecting Consumer Comments (Dkt. No. 118-1, Exs. 1-6, 8-23, 25-30, 32-40) | Fed. R. Evid. 401, 403, 602, 801-803: Documents reflecting consumer comments are hearsay, lack foundation and are speculative. |
| 5. | | HFT Employee's Email (Dkt. No. 118-1, Ex. 31) | Fed. R. Evid. 401, 403, 602, 801-803: Document lacks foundation, is unreliable, and is speculative. |

Dated:  September 14, 2020

Respectfully submitted,

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

/s/Nicole V. Ozeran

Daniel J. Herling
Nicole V. Ozeran
Adam B. Korn
Attorneys for Defendant
HARBOR FREIGHT TOOLS USA, INC.

10

HFT'S OBJECTIONS TO NEW EVIDENCE FILED IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF CLASS CERTIFICATION

103231101v.4