**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
          jsmith@bursor.com

**BURSOR & FISHER, P.A.**
Alec Leslie (*Pro Hac Vice*)
888 Seventh Avenue, Third Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: aleslie@bursor.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL KAUPELIS and FRANK ORTEGA, individually and on behalf of all others similarly situated, | Case No. 8:19-cv-01203-JVS-DFM |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS' CLASS CERTIFICATION REPLY BRIEF** |
| v. | |
| HARBOR FREIGHT TOOLS USA, INC., | Date:        Sept. 21, 2020<br>Time:        1:30 p.m.<br>Courtroom:  10C<br>Judge:       Hon. James V. Selna |
| Defendant. | Complaint Filed:  June 17, 2019<br>Trial Date:         April 13, 2021 |

# TABLE OF CONTENTS

PAGE(S)

I.   HFT'S OBJECTIONS ARE PROCEDURALLY DEFECTIVE ..................... 1

    A.   The Objections Are Improper Under *Sali* .............................. 1

    B.   Reply Evidence Is Permissible to Rebut Positions Taken by
        HFT In Its Opposition Brief ........................................................ 1

    C.   There Is No Rule Permitting the Objections ........................... 2

II.  RESPONSE TO OBJECTIONS TO TOBIAS AND WEIR
     DECLARATIONS ................................................................................. 2

III. RESPONSE TO OBJECTIONS CONCERNING EMPLOYEE
     EMAILS AND CUSTOMER COMPLAINTS ................................. 6

    A.   HFT Waived Objections to the Sprong Email and
        Customer Complaints .................................................................. 6

    B.   The Objections to the Sprong Email Should Be Overruled ................... 7

    C.   The Objection to the Employee Email in Reply Ex. 31
        Should Be Overruled ................................................................ 11

    D.   HFT's Objections Concerning Customer Complaints
        Should Be Overruled ................................................................ 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Alfen v. Toyota Motor Sales, U.S.A., Inc.*,
   2012 WL 12930737 (C.D. Cal. Nov. 9, 2012) ........................................................ 4

*Bakst v. Comm. Memorial Health Sys., Inc.*,
   2011 WL 13214315 (C.D. Cal. Mar. 7, 2011) ...................................................... 10

*Beesley v. Int'l Paper Co.*,
   2012 WL 195582 (S.D. Ill. Jan. 23, 2012) ............................................................ 3

*Broyles v. Cantor Fitzgerald & Co.*,
   2016 WL 4267955 (M.D. La. Aug. 11, 2016) ........................................................ 3

*Disney Enterprises, Inc. v. VidAngel Inc.*,
   2019 WL 4544428 (C.D. Cal. May 29, 2019) ........................................................ 5

*Donlin v. Aramark Corp.*,
   162 F.R.D. 149 (D. Utah 1995) ...................................................................... 9, 10

*Edwards v. Toys "R" Us*,
   527 F. Supp. 2d 1197 (C.D. Cal. 2007) ................................................................. 1

*Entous v. Viacom Intern., Inc.*,
   151 F. Supp. 2d 1150 (C.D. Cal. 2001) ................................................................. 8

*F.T.C. v. Elegant Solutions, Inc.*,
   2020 WL 4390381 (C.D. Cal. July 6, 2020) ............................................... 5, 6, 8, 10

*France Telecom S.A. v. Marvell Semiconductor Inc.*,
   2013 WL 4804834 (N.D. Cal. Sept. 9, 2013) ........................................................ 4

*GemCap Lending I, LLC v. Mann*,
   2019 WL 7945597 (C.D. Cal. Oct. 30, 2019) ........................................................ 2

*Goldstein v. Exxon Mobil Corp.*,
   2019 WL 4575569 (C.D. Cal. Mar. 19, 2019) ........................................................ 1

*Griffith v. ContextMedia, Inc.*,
   2018 WL 372147 (N.D. Ill. Jan. 11, 2018) ............................................................ 3

*Hoist Fitness Sys., Inc. v. TuffStuff Fitness Int'l, Inc.*,
  2019 WL 3209451 (C.D. Cal. June 10, 2019) ..........................................................4

*In re ConAgra Foods, Inc.*,
  90 F. Supp. 3d 919 (C.D. Cal. 2015)......................................................................4

*In re Regions Morgan Keegan Sec., Derivative & ERISA Litig.*,
  2012 WL 12840260 (W.D. Tenn. Jan. 4, 2012).....................................................3

*MacDonald v. Ford Motor Co.*,
  142 F. Supp. 3d 884 (N.D. Cal. 2015) .............................................................8, 11

*Mashburn v. Powell*,
  2013 WL 12142630 (C.D. Cal. Dec. 20, 2013) .....................................................7

*McCoy v. Sw. Airlines Co.*,
  211 F.R.D. 381 (C.D. Cal. 2002) ..........................................................................7

*Medina v. Multaler, Inc.*,
  2007 WL 5124009 (C.D. Cal. Feb. 7, 2007)..........................................................8

*Mendoza v. Allied Interstate LLC*,
  2019 WL 5616961 (C.D. Cal. Oct. 22, 2019).........................................................2

*Messick v. Novartis Pharm. Corp.*,
  747 F.3d 1193 (9th Cir. 2014)................................................................................9

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
  454 F. Supp. 2d 966 (C.D. Cal. 2006)...................................................................8

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*,
  2016 WL 795888 (S.D. Cal. Mar. 1, 2016)............................................................4

*Paddack v. Dave Christensen, Inc.*,
  745 F.2d 1254 (9th Cir. 1984)................................................................................5

*Pekelis v. Transcontinental & Western Air, Inc.*,
  187 F.2d 122 (2d Cir. 1951) ................................................................................10

*Plumley v. Mockett*,
  836 F. Supp. 2d 1053 (C.D. Cal. 2010)..................................................................4

*Poturich v. Allstate Ins. Co.*,
  2015 WL 12766048 (C.D. Cal. Aug. 11, 2015)......................................................7

*Quest Software, Inc. v. DirecTV Operations, LLC*,
  2012 WL 13014984 (C.D. Cal. Feb. 10, 2012).............................................................4

*Richmark Corp. v. Timber Falling Consultants*,
  959 F.2d 1468 (9th Cir. 1992).............................................................................7

*Ridgeway v. Wal-Mart Stores Inc.*,
  2014 WL 4477662 (N.D. Cal. Sept. 10, 2014) ..................................................3

*Ruiz v. JCP Logistics Inc.*,
  2015 WL 12696114 (C.D. Cal. June 16, 2015) ..................................................3

*Safari Club Int.'l v. Rudolph*,
  2014 WL 12577411 (C.D. Cal. July 2, 2014) .....................................................8

*Sali v. Corona Regional Med. Ctr.*,
  909 F.3d 996 (9th Cir. 2018)..............................................................................1

*Terrell v. Contra Costa Cty.*,
  232 F. App'x 626 (9th Cir. 2007) .......................................................................1

*U.S. v. Gonzales-Benitez*,
  537 F.2d 1051 (9th Cir. 1976)............................................................................8

*United States v. Ammar*,
  714 F.2d 238 (3d Cir. 1983) ..............................................................................9

*United States v. Bakshinian*,
  65 F. Supp. 2d 1104 (C.D. Cal. 1999)...........................................................9, 10

*United States v. Owens*,
  699 F. Supp. 815 (C.D. Cal. 1988)......................................................................9

*Venture Corp. Ltd. v. Barrett*,
  2015 WL 2088999 (N.D. Cal. May 5, 2015) ......................................................9

*Yakima Valley Mem'l Hosp. v. Washington State Dep't of Health*,
  2012 WL 12951705 (E.D. Wash. May 18, 2012) ..............................................3

**RULES**

Fed. R. Civ. P.  26..............................................................................................2, 3

Fed. R. Civ. P.  26(a) ..............................................................................................3

Fed. R. Civ. P.  26(a)(2) ....................................................................................... 3, 4

Fed. R. Civ. P. 26(a)(2)(B)(i) ............................................................................... 2

Fed. R. Civ. P.  26(a)(2)(D) .................................................................................. 3

Fed. R. Civ. P.  26(e) ............................................................................................ 3

Fed. R. Civ. P. 56(c)(2) ........................................................................................ 2

Fed. R. Evid. 104(b) .............................................................................................. 9

Fed. R. Evid. 401 .................................................................................................. 5

Fed. R. Evid. 403 .................................................................................................. 5

Fed. R. Evid. 602 .......................................................................................... 5, 6, 10

Fed. R. Evid. 701 .................................................................................................. 10

Fed. R. Evid. 702 .................................................................................................. 10

Fed. R. Evid. 801-803 ........................................................................................... 5

Fed. R. Evid. 1002 ............................................................................................. 5, 8

Fed. R. Evid. 1006 ................................................................................................ 11

Plaintiffs respectfully submit these Responses to Defendant Harbor Freight Tools USA, Inc.'s ("HFT's") Objections to Evidence Filed in Support of Plaintiffs' Reply in Support of Class Certification (hereinafter, the "Objections") (Dkt. No. 120).

## I.   HFT's Objections Are Procedurally Defective

### A.   The Objections Are Improper Under *Sali*

Under *Sali v. Corona Regional Med. Ctr.*, 909 F.3d 996, 1004-1005 (9th Cir. 2018), proof in support of class certification "need not be admissible evidence," and "inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification." *Id.* Hence, at class certification, "formalistic evidentiary objections" are disfavored and make "little common sense." *Id*. at 1004; *see also id.* at 1005 ("the court's consideration should not be limited to only admissible evidence."); *accord Goldstein v. Exxon Mobil Corp.*, 2019 WL 4575569, at *3 (C.D. Cal. Mar. 19, 2019) (overruling evidentiary objections under *Sali*). To be sure, the tailored *Daubert* standard still applies (*see Sali*, 909 F.3d at 1006), but HFT's objections have nothing to do with *Daubert*, especially with respect to the employee emails and the customer complaints.

### B.   Reply Evidence Is Permissible to Rebut Positions Taken by HFT In Its Opposition Brief

HFT's objections concerning reply evidence fail for two separate reasons. First, the argument is inapplicable to the Sprong email and many of the customer complaints because they were already submitted with Plaintiffs' opening brief in support of class certification. Exs. 10, 14, 15 to 3/2/20 Smith Decl. (Dkt. No. 34-2).

Second, as for all other evidence, HFT misstates the law when it argues "new evidence in a reply brief is disfavored." Objections, at 2:16. "Evidence is not 'new,' however, if it is submitted in direct response to proof adduced in opposition to a motion." *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1207 n.31 (C.D. Cal. 2007); *Terrell v. Contra Costa Cty.*, 232 F. App'x 626, 629 n.2 (9th Cir. 2007)

(evidence adduced in reply was not new where "[t]he Reply Brief addressed the same set of facts supplied in Terrell's opposition to the motion but provides the full context to Terrell's selected recitation of the facts").  As shown in Section II below, this rule applies equally to expert rebuttal declarations.  Here, HFT's opposition brief leans heavily on exaggeration and mischaracterization of the evidence, and the reply evidence was submitted to demonstrate that point.

None of the cases that HFT cites, including this Court's decision in *Mendoza v. Allied Interstate LLC*, 2019 WL 5616961, *5 n.5 (C.D. Cal. Oct. 22, 2019) (Selna, J.), held that reply evidence was "disfavored."  Instead, the cases HFT cite pertain to situations where the moving party raises wholly new legal arguments, rather than responding to an argument raised in opposition.  Those cases are therefore distinguishable.  *See GemCap Lending I, LLC v. Mann*, 2019 WL 7945597, at *6 (C.D. Cal. Oct. 30, 2019) (distinguishing situations where a party submits evidence on reply, from situations where a party raises new legal arguments in support of a motion on reply).

### C.    There Is No Rule Permitting the Objections

HFT's objections are procedurally defective because there is no provision for separate objections under the Local Rules.  The only motions identified in the Federal Rules of Civil Procedure that include a provision for objections regarding the admissibility of supporting evidence are motions for summary judgment.  *See* Fed. R. Civ. P. 56(c)(2).

## II.    Response to Objections to Tobias and Weir Declarations

None of HFT's objections concerning the Tobias and Weir rebuttal declarations have merit.  <u>First</u>, HFT argues that Dr. Tobias' and Mr. Weir's rebuttal declarations are improper under Fed. R. Civ. P. 26(a)(2)(B)(i) and thus should be stricken under Rule 37.  That makes no sense.  Rule 26 solely governs merits expert disclosures, and has nothing to do with the non-dispositive motions such as Plaintiffs' motion for class certification.  This distinction is a critical one.  While

Rule 26(a) controls the timing for disclosures of expert opinions that parties intend to present at trial, that rule says nothing about expert opinions used for other purposes, such as class certification.  One court described this important difference as follows:

> I decline to strike Ms. Mullins's declaration on the ground offering that she was not properly disclosed as an expert under Rule 26(a)(2).  Rule 26(a)(2) facially applies only to expert witnesses a party "may use at trial," while plaintiff offers Ms. Mullins's declaration solely in support of class certification.  While courts commonly require Rule 26(a)(2) disclosure of experts whose testimony is offered in conjunction with summary judgment, defendant points to no case requiring disclosure of a class-certification witness, and plaintiff identifies several decisions holding that Rule 26(a)(2) disclosures are not required in other contexts.  *See, e.g.*, *Yakima Valley Mem'l Hosp. v. Washington State Dep't of Health*, 2012 WL 12951705, at *2 (E.D. Wash. May 18, 2012) (expert testimony in support of *Daubert* motion not subject to Rule 26(a)(2)); *Broyles v. Cantor Fitzgerald & Co.*, 2016 WL 4267955, at *3 (M.D. La. Aug. 11, 2016) (same).

*Griffith v. ContextMedia, Inc.*, 2018 WL 372147, at *2 n.2 (N.D. Ill. Jan. 11, 2018).

For this reason, courts within this Circuit and throughout the country have recognized this distinction and denied the same argument HFT makes here.  *See Ruiz v. JCP Logistics Inc.*, 2015 WL 12696114, at *3, n.2 (C.D. Cal. June 16, 2015) (declining to exclude expert declaration "under Federal Rules of Civil Procedure 26 and 37" because "Rule 26(a) and (e) . . . do not require advance disclosure of expert witness reports for use in class certification briefing"); *Ridgeway v. Wal-Mart Stores Inc.*, 2014 WL 4477662, at *11 (N.D. Cal. Sept. 10, 2014) ("Rule 26(a)(2) does not require advance disclosure of expert witness reports for use in class certification briefing.").[1]  Accordingly, Defendant's motion requires no analysis under Rule 26(a)

---

[1] *Beesley v. Int'l Paper Co.*, 2012 WL 195582, at *3 (S.D. Ill. Jan. 23, 2012) (distinguishing between an expert report submitted for purposes of class certification and an expert report under Rule 26(a)(2)(D)); *In re Regions Morgan Keegan Sec., Derivative & ERISA Litig.*, 2012 WL 12840260, at *3 (W.D. Tenn. Jan. 4, 2012)

because the immediate issue at hand is whether the declaration can be considered in the context of Plaintiffs' motion for class certification.

Second, HFT's argument that the rebuttal declarations "substantially enlarge" the scope of the initial declarations is false. Both rebuttal declarations are "within the permissible scope of rebuttal expert reports" because they "address issues raised by [HFT's] rebuttal expert reports. Thus, the reports are proper subjects for rebuttal expert testimony." *See Alfen v. Toyota Motor Sales, U.S.A., Inc.*, 2012 WL 12930737, at *3 (C.D. Cal. Nov. 9, 2012) (Selna, J.); *see also Quest Software, Inc. v. DirecTV Operations, LLC*, 2012 WL 13014984, at *6 (C.D. Cal. Feb. 10, 2012) ("Indeed all of DirecTV's rebuttal evidence is within the scope of either Bril's initial or amended expert reports."); *Hoist Fitness Sys., Inc. v. TuffStuff Fitness Int'l, Inc.*, 2019 WL 3209451, at *3 (C.D. Cal. June 10, 2019), *report and recommendation adopted*, 2019 WL 3205797 (C.D. Cal. July 15, 2019) ("However, Mr. Smith's reference to his prior invalidity opinions in order 'to contradict, impeach [and] defuse the impact' of the methodologies and terminology used by Mr. Lenz in his initial report does not go beyond the proper scope of rebuttal.")[2]; *and compare to Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) ("Haas's opinions in his most recent declaration depart substantially from the ones he submitted within the Court's time frame for expert discovery."). In fact, other courts have rejected the same arguments when specifically directed at Mr. Weir. *See In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 956-57 (C.D. Cal. 2015) ("The information in these

---

("Rule 26(a)(2) is a trial-oriented rule and inapplicable, absent a directive of the court, to various pretrial matters.").

[2] *See also France Telecom S.A. v. Marvell Semiconductor Inc.*, 2013 WL 4804834 at *1-2 (N.D. Cal. Sept. 9, 2013) (refusing to strike declaration of plaintiff's rebuttal expert witness submitted on reply because it responded to specific points raised by defendant's expert witness); *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, 2016 WL 795888, at *1 (S.D. Cal. Mar. 1, 2016) ("Dr. Fahey's rebuttal expert report specifically identifies the contentions presented in Plaintiff's summary expert disclosures to which he is responding. ... Plaintiff's complaint that Dr. Fahey exceeded the scope of the summary disclosures by Plaintiff's non-retained experts is unpersuasive.").

paragraphs is directly responsive to Dr. Ugone's critique and ConAgra's arguments and is thus properly submitted in reply"). ‼

HFT's own arguments show that HFT is resorting to hyperbole when it claims Dr. Tobias and Mr. Weir "substantially enlarged" the scope of their initial declarations.  As for Dr. Tobias, the only examples HFT provides are Dr. Tobias' statements about the power switches used in the Sumec and YAT-made chainsaws, and his supposedly "new opinions" about the Kedu switch.  These are obviously matters that fall within the ambit of rebuttal declarations because Dr. Tobias is responding directly, and only, to matters raised for the first time by HFT's expert.  Likewise, HFT only cites statements in Mr. Weir's Rebuttal Declaration that respond directly to the opinions of HFT's experts.  Objections, at 4:3-20.  HFT's assertion that the rebuttal declarations "force HFT to re-do many months of expert work and briefing, causing significant expense and inexcusable delay," is simply more hyperbole, unsupported by any argument or facts.  Objections, at 6:10.

Third, although HFT purports to object to the rebuttal declarations under FRE 401, 403, 602, 801-803 and 1002, HFT does not explain those objections, and this Court rightly overrules "boilerplate evidentiary objections that the parties themselves deem unworthy of development."  *F.T.C. v. Elegant Solutions, Inc.*, 2020 WL 4390381, at *5 (C.D. Cal. July 6, 2020) (Selna, J.).  HFT offers no arguments why the rebuttal declarations are irrelevant or prejudicial under FRE 401 or 403.  HFT offers no arguments why FRE 602 should apply.  Moreover, FRE 602 clearly states "[t]his rule does not apply to a witness's expert testimony under Rule 703."  Similarly, HFT's hearsay objections lack merit, as explained in Section III(B) below, and "Rule 703 [] permits such hearsay, or other inadmissible evidence, upon which an expert properly relies, to be admitted to explain the basis of the expert's opinion."  *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-62 (9th Cir. 1984); *Disney Enterprises, Inc. v. VidAngel Inc.*, 2019 WL 4544428, at *3 (C.D. Cal. May 29, 2019) ("But experts can rely on hearsay, and furthermore, Professor Lichtman has

adeuqately [sic] rebutted Plaintiffs' argument that his study is hopelessly biased."). Finally, here too, HFT fails to elaborate how or why the best evidence rule should be applied.

Fourth, other objections directed specifically towards Dr. Tobias or Mr. Weir should be overruled.  HFT claims Dr. Tobias' declaration is "hearsay" because he is "simply repeating inadmissible anecdotal hearsay statements as corroborating evidence for his conclusions."  Objections, at 5:19-20.  HFT cites **nothing** to support that assertion, and cursory review of Dr. Tobias' declaration shows that HFT's statement is false.  As for Mr. Weir, HFT also cites no authority for the puzzling proposition that Mr. Weir's expert opinion is "speculative" because he offers opinions that differ with those of HFT's expert witness.  Objections, at 4:11-20.  In any event, the "speculation" objection is meritless because by its plain terms, FRE 602 "does not apply to a witness's expert testimony under Rule 703."  Finally, HFT argues Mr. Weir's declaration "contains improper argument in attempt [sic] to circumvent the page limit for the Reply brief."  Objections, at 4:23-25.  Which part of the Mr. Weir's declaration contains the supposedly offending argument is anyone's guess.  HFT did not see fit to say.  The Court should overrule this un-developed and meritless objection.  *See Elegant Solutions*, 2020 WL 4390381, at *5.

## III. Response to Objections Concerning Employee Emails and Customer Complaints

### A. HFT Waived Objections to the Sprong Email and Customer Complaints

HFT objects to an email from Jason Sprong, HFT's Vice President of Global Sourcing, in which he stated that the defect is prevalent in both SKUs of the chainsaws, and to customer complaints about the chainsaw defect.  The problem with HFT's argument is two-fold.

First, HFT's objections should be overruled because HFT is relying upon the same documents it is objecting to.  Indeed, (1) HFT relies upon the Jason Sprong

email in opposing class certification, *see* Exhibit 11 to 7/20/20 Ozeran Decl. (Dkt. No. 74-1); (2) HFT relies on consumer complaints in opposing class certification to argue that "few" customers complained about the defect and therefore the defect's manifestation rate must be low, *see* Dkt. No. 74, at pp. 6; (3) HFT relies on consumer complaints in its motion to exclude the testimony of Steven P. Gaskin and Colin B. Weir, *see* Dkt. No. 68-1, at pp. 7; and (4) HFT relies on consumer complaints in its motion to exclude the testimony of Dr. Tobias.  *See* Dkt. No. 71-1, at pp. 11.  HFT cannot use these documents as a sword and a shield.  As such, HFT's use of the documents as such constitutes waiver.

Second, both the Jason Sprong email and many consumer complaints were cited in Plaintiffs' motion for class certification filed over six months ago on March 2, 2020.  *See* Exs. 10, 11, 12, 14 and 15 to 3/2/20 Smith Decl. (Dkt. No. 34-2).  HFT did not object to these documents after they were filed in March, nor did it make any sort of objection when it filed its opposition to class certification on July 20, 2020.  At minimum, HFT has waived any objection due to its failure to do so timely.  *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("Failure to object to [document] requests within the time required constitutes a waiver of any objection."), *cert. denied*, 506 U.S. 948, 113 S. Ct. 454, 121 L. Ed. 2d 325 (1992); *accord Mashburn v. Powell*, 2013 WL 12142630, at *1 (C.D. Cal. Dec. 20, 2013); *Poturich v. Allstate Ins. Co.*, 2015 WL 12766048, at *2 (C.D. Cal. Aug. 11, 2015) ("Failure to serve timely objections waives all grounds for objection.") (quoting *McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002)).

### B.   The Objections to the Sprong Email Should Be Overruled

As noted above, the Sprong email was included with the opening brief, and cited by HFT in its own opposition brief, so HFT's arguments concerning "reply evidence" do not apply.  In any event, its evidentiary objections lack merit for the following reasons:

Objection No. 1 (Best Evidence Rule): HFT objects that Mr. Sprong's email "ignores the best evidence rule." HFT offers no explanation for how that rule applies here, or what original writing is the subject of the objection. This Court has warned "it gives little weight to blanket objections" and "boilerplate evidentiary objections that the parties themselves deem unworthy of development." *Elegant Solutions*, 2020 WL 4390381, at *5 (internal quotation omitted).

Furthermore, "by its terms, the [FRE 1002] does not bar secondary evidence offered for any purpose other than to 'prove the content' of the writing." *Medina v. Multaler, Inc.*, 2007 WL 5124009, at *1 (C.D. Cal. Feb. 7, 2007); *see also Safari Club Int.'l v. Rudolph*, 2014 WL 12577411, at *5 (C.D. Cal. July 2, 2014) (Selna, J.) (rejecting argument that a document was inadmissible under the best evidence rule just because it described the content of a recording); *U.S. v. Gonzales-Benitez*, 537 F.2d 1051, 1053 (9th Cir. 1976) (explain the court was "puzzled" that a party would "seriously" argue that testimony from a participant in a conversation was inadmissible where a tape recording of that conversation existed). Hence, the fact that Mr. Sprong's email may refer to unspecified writings does not render the email inadmissible.

Objection No. 2 (Hearsay): HFT objects that the email from Mr. Sprong, HFT's Vice President of Global Sourcing, is hearsay. His email is nonhearsay as a party admission. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 454 F. Supp. 2d 966, 973-74 (C.D. Cal. 2006) (emails sent by defendant's corporate officers or employees were admissible under the hearsay exception for admissions by a party's agent.).

HFT also objects that Mr. Sprong's email refers to customer complaints, which HFT contends are also hearsay. Customer complaints are admissible for the non-hearsay purposes of showing HFT's knowledge of the defect. *MacDonald v. Ford Motor Co.*, 142 F. Supp. 3d 884, 898 (N.D. Cal. 2015) (evidence admissible for non-hearsay purpose of demonstrating Ford's knowledge of a defect); *Entous v.*

*Viacom Intern., Inc.*, 151 F. Supp. 2d 1150, 1157 n.5 (C.D. Cal. 2001) (statements offered to show "the state of Plaintiff's knowledge" are "non-hearsay.").  The complaints are also nonhearsay for the purpose of rebutting HFT's position that the Sumec-made chainsaws were not defective, and to rebut HFT's position that Plaintiffs are lying about their experiences of the defect.  *See Venture Corp. Ltd. v. Barrett*, 2015 WL 2088999, at *3 (N.D. Cal. May 5, 2015) (emails potentially admissible to rebut opposing party's claims).

Objection No. 3 (Lack of Foundation): As a preliminary matter, HFT cites no authority, and Plaintiffs are aware of none, that a party can avoid the consequences of its own admission by simply having its lawyer assert, without evidence, that his client lacked sufficient personal knowledge to make the admission.  That is not the law.  *United States v. Bakshinian*, 65 F. Supp. 2d 1104, 1109 (C.D. Cal. 1999) ("admissions are exempt from the restrictive influences of the opinion rule and the rule requiring firsthand knowledge, which calls for generous treatment of this avenue to admissibility.") (internal quotation omitted); *Donlin v. Aramark Corp.*, 162 F.R.D. 149, 150 (D. Utah 1995) ("Personal knowledge of the witness is not required in a party admission circumstance") (citing, *e.g.*, *United States v. Ammar*, 714 F.2d 238, 254 (3d Cir. 1983); Comment to 1972 Proposed Rules to Rule 801(d)(2)(A) ("No guarantee of trustworthiness is required in the case of an admission.").  Even if it were possible to avoid an admission by disclaiming knowledge, whether 602 is satisfied "is ultimately one for the *jury* pursuant to Fed. R. Evid. 104(b)."  *United States v. Owens*, 699 F. Supp. 815, 818 (C.D. Cal. 1988), *aff'd sub nom. United States v. Owens-El*, 889 F.2d 913 (9th Cir. 1989) (emphasis in original).

Objection No. 4 (Relevance): HFT objects that Mr. Sprong's email is "irrelevant" to whether a common defect exists."  That is baseless.  "The relevancy bar is low, demanding only that the evidence logically advances a material aspect of the proposing party's case."  *Messick v. Novartis Pharm. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014).  Mr. Sprong clearly describes the cause of the defect (i.e., "the tool

draws amperage above the rating on the switch…"), states that the problem applies to both Sumec- and YAT-made chainsaws, and states that both products "present[] a danger to the customer and must be recalled."

Objection No. 5 (Speculative):  Here again, HFT offers a boilerplate and undeveloped objection that should be overruled.  *See Elegant Solutions*, 2020 WL 4390381, at *5.  As best that may be gleaned, HFT is rehashing its objection concerning Rule 602, and to the extent that is the case, the objection fails for the same reasons stated above concerning Objection No. 3.  *See also Donlin*, 162 F.R.D. at 150 ("Obviously plaintiff's view as to the causal factors in the accident and her injury could be admissible as admissions of a party opponent under Rule 801(d)(2)(A). In such instance *the fact that the statement is speculative or in opinion form is not of consequence*") (emphasis added).

Objection No. 6 (Lacks Qualification): Citing FRE 701 and 702, HFT objects that "Sprong lacks the qualifications to determine whether a common defect exists." Rules 701 and 702 are inapplicable because Mr. Sprong is admitting facts, not opinions, and those facts are relevant here.  Here again, HFT cites no authority that a party can render its own admission inadmissible by disclaiming sufficient knowledge or qualifications.  That is not the law.  *See Bakst v. Comm. Memorial Health Sys., Inc.*, 2011 WL 13214315, at *43 (C.D. Cal. Mar. 7, 2011) ("Courts have repeatedly held, however, that party admissions are not subject to the personal perception requirement of Rule 701."); *Bakshinian*, 65 F. Supp. 2d at 1109 ("admissions are exempt from the restrictive influences of the opinion rule ...."); *Pekelis v. Transcontinental & Western Air, Inc.*, 187 F.2d 122, 129 (2d Cir. 1951) ("The Opinion Rule does not limit the use of a party's admissions") (internal quotation omitted); *Donlin*, 162 F.R.D. at 150.

### C.   The Objection to the Employee Email in Reply Ex. 31 Should Be Overruled

HFT objects that the employee email at Dkt. No. 118-1, Ex. 31 is irrelevant, "lacks foundation, is unreliable, and is speculative."  These are all unsupported boilerplate objections and fail for the same reasons as those set forth in Section III(A) above concerning the Sprong email.  The email is directly responsive to HFT's argument in its opposition brief that there is no evidence of a defect in its chainsaws.

### D.   HFT's Objections Concerning Customer Complaints Should Be Overruled

HFT makes blanket objections to customer complaints, claiming they are "hearsay, lack foundation, and are speculative."  HFT also objects on relevance grounds.  Each of these objections are undeveloped and boilerplate.  As shown in Section III(B) above, the complaints are nonhearsay (and relevant) for purposes of (1) establishing HFT's knowledge; (2) rebutting factual positions that HFT has taken in criticizing Dr. Tobias, and (3) rebutting HFT's position that its chainsaws are not defective.  *E.g.*, *MacDonald*, 142 F. Supp. 3d at 898.

Relatedly, HFT lobs an array of boilerplate objections to the Timeline attached as Exhibit 1 to the Leslie Declaration.  Exhibit 1 is a summary of evidence and is permissible under FRE 1006, which permits the proponent to use a "summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court."  HFT does not argue the Timeline is impermissible under FRE 1006, nor does it argue that the Timeline misstates any of the evidence it cites.

Dated:  September 15, 2020

**BURSOR & FISHER, P.A.**

By: _____ */s/ Joel D. Smith* _____
      Joel D. Smith

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
        jsmith@bursor.com

**BURSOR & FISHER, P.A.**
Alec Leslie (*Pro Hac Vice*)
888 Seventh Avenue, Third Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail: aleslie@bursor.com

*Counsel for Plaintiffs*