## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1203 JVS(DFMx) | Date | Sept. 28, 2020 |

Title     Will Kaupelis et al. v. Harbor Freight Tools USA, Inc.

Present: The Honorable     **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     **[IN CHAMBERS] Order Regarding Motion to Review**

Defendant Harbor Freight Tools USA, Inc. ("Harbor") moves for the Court to review the Magistrate Judge's August 19, 2020 order (the "August 19 Order") compelling production of several categories of discovery. Mot., ECF No. 107-1. Plaintiffs Will Kaupelis and Frank Ortega (collectively – "Plaintiffs") opposed. Opp'n, ECF No. 121. Harbor filed a response. Reply, ECF No. 128.

For the following reasons, the Court **VACATES** the August 19 Order and remands for reconsideration in light of the Court's grant in part of class certification.

### I. BACKGROUND

As Plaintiffs describe in their opposition, this motion stems from Plaintiffs' efforts to compel Harbor to "(1) produce unredacted versions of documents identifying percipient witnesses who made statements that flatly contradict factual assertions advanced by Harbor and its employee-witnesses; (2) respond to Interrogatories seeking the full extent of who complained to Harbor about the defect at issue, and when; and (3) produce expert materials exchanged in a personal injury lawsuit concerning the same product and same defect, captioned Burgard v. Chicago Electric Power Tools and Harbor Freight Tools USA, Inc., San Diego Superior Court Case No. 37-2017-00000155." Opp'n at 1.

On August 19, 2020, the Magistrate Judge granted Plaintiffs' motion to compel production. August 19 Order, ECF No. 107-2, at 39-41. The August 19 Order first concluded that the recently enacted California Consumer Privacy Act of 2018 ("CCPA"), California Civil Code §§ 1798.100 et seq., did not preclude the discovery that Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1203 JVS(DFMx) | Date | Sept. 28, 2020 |

| | |
|---|---|
| Title | Will Kaupelis et al. v. Harbor Freight Tools USA, Inc. |

seek, despite that discovery containing the personal information "PI" of Harbor's customers. Id. at 39. Specifically, it held that the CCPA "is not a restriction on a business's ability to comply with federal law." Id. Moreover, the Magistrate Judge noted that a notice procedure informing individuals that their PI would be disclosed as part of discovery was not required under Belaire-West Landscape, Inc. v. Superior Court, 149 Cal. App. 4th 554 (2007), since "most courts have concluded that Belaire-West notices are required 'only when there are special privacy concerns, such as the disclosure of medical or financial information.'" Id. at 40 (quoting Austin v. Foodliner, Inc., 2018 WL 1168694, at *2 (N.D. Cal. Mar. 6, 2018)). The August 19 Order also held that the discovery sought was permissible pre-class certification discovery because it was "relevant to commonality and typicality." Id. at 41.

## II. LEGAL STANDARD

A magistrate may issue non-dispositive rulings on pre-trial discovery matters. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L.R. 72-2.1. "Matters concerning discovery are generally considered 'nondispositive' of the litigation." Thomas E. Hoar v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). On a motion to review, a district court may set aside or modify these rulings only when the rulings are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The clearly erroneous standard applies to a magistrate's factual findings, and the contrary to law standard applies to the magistrate's legal conclusions. See Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 970–71 (C.D. Cal. 2010). The clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." Id. at 971 (internal quotations and citations omitted). "By contrast, [t]he contrary to law standard . . . permits independent review of purely legal determinations by the magistrate judge." Id. (internal quotations and citations omitted). Courts have interpreted this standard "to provide for de novo review by the district court on issues of law." Med. Imaging Centers of Am., Inc. v. Lichtenstein, 917 F. Supp. 717, 719 (S.D. Cal. 1996). "A decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Forouhar v. Asa, No. C 10–3623 SBA, 2011 WL 4080862, at *1 (N.D. Cal. Sept. 13, 2011) (internal quotation marks and citations omitted).

## III. DISCUSSION

A.    *The California Consumer Privacy Act*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1203 JVS(DFMx) | Date | Sept. 28, 2020 |

| | |
|---|---|
| Title | Will Kaupelis et al. v. Harbor Freight Tools USA, Inc. |

In his order, the Magistrate Judge first addressed the relevance of the CCPA. Harbor argues that the CCPA requires notice and consent from consumers when their PI will be shared with outside entities, including as a result of civil discovery. Mot. at 7 ("At a minimum, the Court must protect the consumers' PI by allowing consumers an opportunity to opt out from disclosure."). Notably, Harbor has not identified any provision of the CCPA that specifically requires notice and consent from consumers when companies share PI as part of a civil discovery request. Rather, the cases that Harbor cites for support relate to the use of what are called "Belaire-West notices," so named because of the case Belaire-West Landscape, Inc. v. Superior Court, 149 Cal. App. 4th 554 (2007).

To understand Belaire-West, it is important to begin with the California Constitution. Article 1, § 1 states that "[a]ll people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." California Constitution Art. 1, § 1 (emphasis added). In Hill v. National Collegiate Athletic Association, 7 Cal. 4th 1, 36-37 (1994), the California Supreme Court interpreted this constitutional right to privacy as guaranteeing an individual's "reasonable expectation of privacy" against a "serious invasion." See also Pioneer Electronics (USA), Inc. v. Superior Court, 40 Cal. 4th 360, 370 (2007). Based on this interpretation of the right to privacy, the California Supreme Court later upheld a ruling by a trial court that permitted the disclosure to plaintiffs' counsel of the PI of consumers who complained to the defendant about defective DVD players "unless, following proper notice to them, they registered a written objection." Pioneer, 40 Cal. 4th at 364, 375. Belaire-West built on Pioneer by holding that because the PI at issue in that case – contact information of defendant's current and former employees – was not the "particularly sensitive, . . . [d]isclosure of the contact information with an opt-out notice would not appear to unduly compromise either informational privacy or autonomy privacy in light of the opportunity to object to the disclosure." 149 Cal. App. 4th at 562.

In response to Harbor's argument that Belaire-West notices were needed in this case, the Magistrate Judge wrote that "most courts have concluded that Belaire-West notices are required 'only when there are special privacy concerns, such as the disclosure of medical or financial information.'" Id. at 40 (quoting Austin v. Foodliner, Inc., 2018 WL 1168694, at *2 (N.D. Cal. Mar. 6, 2018)). Rather, he ordered that the discovery be produced "under the terms of the parties' protective order," as many other courts have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1203 JVS(DFMx) | Date | Sept. 28, 2020 |
|----------|------------------------|------|----------------|

| Title | Will Kaupelis et al. v. Harbor Freight Tools USA, Inc. |
|-------|---------------------------------------------------------|

done when faced with similar requests for Belaire-West notices. August 19 Order at 41. See Foodliner, 2018 WL 1168694 at *2 ("The predominant practice among courts in the Northern District of California is to allow 'pre-certification discovery of putative class members' confidential [contact] information subject to a protective order,' without requiring a Belaire-West notice." (quoting Salazar v. McDonald's Corp., 2016 WL 736213, at *5 (N.D. Cal. Feb. 25, 2016))). Harbor responds that Foodliner was decided before the enactment of the CCPA, and therefore special privacy concerns do exist. Mot. at 8 n.8. The question for the Court, therefore, is whether the CCPA should be interpreted as expanding the California Constitution's right to privacy in such a way as to expand the use of Belaire-West notices.

The Court does not believe that the CCPA should be so interpreted. The CCPA does state that it is " intended to further the constitutional right of privacy." California Civil Code § 1798.175. But the CCPA is a statute that is focused on particular practices; namely, it seeks to address the sale of PI and the disclosure of PI for business purposes. This intent is evidenced throughout the CCPA. See, e.g., California Civil Code §§ 1798.115(a) ("A consumer shall have the right to request that a business that sells the consumer's personal information, or that discloses it for a business purpose, disclose to that consumer . . . ." (emphasis added)); 1798.115(b) ("A business that sells personal information about a consumer, or that discloses a consumer's personal information for a business purpose, shall disclose . . . ." (emphasis added)); 1798.120(a) ("A consumer shall have the right, at any time, to direct a business that sells personal information about the consumer to third parties not to sell the consumer's personal information." (emphasis added)); 1798.120(b) ("A business that sells consumers' personal information to third parties shall provide notice to consumers . . . that this information may be sold and that consumers have the 'right to opt-out' of the sale of their personal information." (emphasis added)).

The terms "sale" and "business purpose" are not defined in a way that encompasses civil discovery requests. A "sale" is the "selling, renting, releasing, disclosing, disseminating, making available, transferring, or otherwise communicating orally, in writing, or by electronic or other means, a consumer's personal information by the business to another business or a third party for monetary or other valuable consideration." California Civil Code § 1798.10(t)(1) (emphasis added). "'Business purpose' means the use of personal information for the business's or a service provider's operational purposes, or other notified purposes . . . ." California Civil Code §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1203 JVS(DFMx) | Date | Sept. 28, 2020 |

| | |
|---|---|
| Title | Will Kaupelis et al. v. Harbor Freight Tools USA, Inc. |

1798.140(d). The plain language of the CCPA shows that neither of these terms is intended to include disclosure of PI as part of a civil discovery request. Indeed, the CCPA's irrelevance to civil discovery requests is further shown by how the CCPA expressly "shall not restrict a business' ability to . . . comply with a civil, criminal, or regulatory inquiry, investigation, subpoena, or summons by federal, state, or local authorities." California Civil Code § 1798.145(a)(2). The CCPA therefore does not require the expanded use of notice and consent by parties responding to discovery requests.

Having found that the August 19 Order properly analyzed the amount of privacy protection that must be given consumers' PI, the Court finds that it is not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

> B.     *Class Certification and Relevancy*

Harbor also argues that the August 19 Order erroneously found Plaintiffs' requests to be in furtherance of class certification. Mot. at 4-6. Harbor further notes that if class certification is granted, then Plaintiffs' arguments as to why the discovery sought is still relevant should not be addressed for the first time by this Court. Reply at 3.

Under Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The August 19 Order only addressed whether the discovery sought was permissible under Rule 26 as a form of pre-certification discovery. August 19 Order at 40-41. This Court has already granted class certification in part, meaning that the requested discovery can no longer be deemed as meeting the requirements of Rule 26 because of its relevance to class certification. See generally Class Certification Order, ECF No. 136. Without findings on relevancy post-certification, the Court cannot determine whether the Magistrate Judge's relevancy determination was "clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A).

Because the Magistrate Judge's assessment of the relevance of the discovery sought was premised on the motion to compel being brought prior to class certification, the Court **VACATES** the August 19 Order to compel discovery and **REMANDS** the matter for consideration in light of the Court's grant of class certification. While the Magistrate Judge might still conclude that discovery is warranted, the Court's grant in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 19-1203 JVS(DFMx)                    Date    Sept. 28, 2020

Title    Will Kaupelis et al. v. Harbor Freight Tools USA, Inc.

part of Plaintiffs' motion for class certification affects the scope of permissible discovery such that reconsideration is warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court the Court **VACATES** the August 19 Order and **REMANDS** for reconsideration in light of the Court's grant in part of class certification. The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Hearing set for October 5, 2020, is ordered **VACATED**.

**IT IS SO ORDERED.**

                                                                          :           0

                                        Initials of Preparer          lmb